**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GREGORY DONEL JOHNSON,** | ) | |
| **ID #01779137,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:18-CV-1648-G (BH)** |
| | ) | |
| **UNKNOWN RESPONDENT,** | ) | **Referred to U.S. Magistrate Judge** |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Rule 60(b) Motion*, received on June 25, 2018 (doc. 3). Based on the relevant filings and applicable law, the motion should be construed as a successive habeas petition under 28 U.S.C. § 2254 and transferred to the Fifth Circuit Court of Appeals.

## I.  BACKGROUND

Gregory Donel Johnson (Petitioner) was convicted of robbery on April 5, 2012 in Cause No. F11-27104 in Criminal District Court No. 6 of Dallas County, Texas, and sentenced to 26 years' imprisonment. *See* www.dallascounty.org (search for petitioner). He unsuccessfully challenged that conviction through a federal habeas petition that was denied on September 29, 2015. *See Johnson v. Stephens*, No. 3:14-CV-2406-M (N.D. Tex. Sept. 29, 2015).

In October 2017, he filed a motion for leave to file a successive petition in the United States Court of Appeals for the Fifth Circuit, seeking to again challenge his robbery conviction, and was denied authorization to file a successive petition. *See In re Johnson*, No. 17-11241 (5th Cir. Feb. 22, 2018). He moved for reconsideration of that decision in March 2018, and was informed on March 21, 2018, that the statute for successive petitions does not permit review of the denial of

authorization.  Petitioner contends that he filed a motion under Fed. R. Civ. P. 60(b) in the Fifth Circuit, but that it was returned to him with instructions to file it in this Court.  (*See* doc. 3 at 2.)  He now claims that he is actually innocent; the court reporter prepared an incomplete and incorrect transcript of the trial; and counsel was ineffective for failing to object to the malicious prosecution by the trial court and the prosecutor during a pretrial hearing.  (*See id*. at 1-2.)

## II.  NATURE OF SUIT

In *Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005), the Supreme Court held that a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition.  *See also Ruiz v. Quartermann*, 504 F.3d 523, 526 (5th Cir. 2007).  A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 60(b), however.[1]  *See Gonzalez*, 545 U.S. at 538 (holding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that ... challenges only the District Court's failure to reach the merits does not warrant such treatment"); *see also Chase v. Epps*, 74 F. App'x 339, 345 (5th Cir. 2003) (per curiam) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive . . . application") (citations omitted).

---

[1]  Rule 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6).  A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3).  *See* FED. R. CIV. P. 60(c)(1).

2

Because Petitioner's Rule 60(b) motion seeks to advance one or more substantive claims in support of a challenge to his underlying robbery conviction (*see id*. at 2-4), rather than challenging a failure to reach the merits of his prior habeas petition, the filing is properly construed as a habeas petition under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (a prisoner seeking to challenge the fact or duration of confinement may only do so within the exclusive scope of habeas corpus).

## III.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37.  If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple

§ 2254 petitions attacking a single judgment").[2]  A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however.  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies).  Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review."  *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same conviction that he challenged in a prior federal petition that was denied on its merits.  Under *Hardemon* and *Crone*, he was required to present all available claims in that petition.  A claim is available when it "could have been raised had the petitioner exercised due diligence."  *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004).  The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition.  When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals

---

[2]  Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

4

that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive petition for habeas relief, this Court lacks jurisdiction over this action.

## II.  RECOMMENDATION

Petitioner's filing should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 2nd day of July, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6